## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| OPEN TEXT CORPORATION AND OPEN TEXT S.A. ULC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:20-cv-928-ADA |
| ALFRESCO SOFTWARE, LTD., AND ALFRESCO SOFTWARE, INC., ALFRESCO SOFTWARE AMERICA, INC. BLUE FISH DEVELOPMENT GROUP, LTD., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## CASE READINESS STATUS REPORT

Plaintiffs Open Text Corporation and Open Text S.A. ULC ("Open Text") and Defendants Alfresco Software, Ltd., Alfresco Software, Inc., Alfresco Software America, Inc., (collectively "Alfresco") and Blue Fish Development Group, Ltd. ("BFDG") (collectively "Defendants"), hereby provide the following status report in advance of the initial Case Management Conference (CMC).

## FILING AND EXTENSIONS

Plaintiff's Complaint was filed on October 7, 2020. There has been one extension for a total of 37 days.  On January 4, 2021, Plaintiffs filed a First Amended Complaint.

## RESPONSE TO THE COMPLAINT

Defendants responded to the Complaint on December 11, 2020 by filing several Motions. *See infra* Pending Motions. Defendants have not yet responded to the First Amended Complaint.

## PENDING MOTIONS

The following Motions are pending:

1.     Alfresco Software, Inc. and Alfresco Software Americas, Inc.'s Motion to

Transfer for Improper Venue (ECF 41);

     2.     Alfresco Software Limited's Opposed Motion to Transfer Venue Under 28 U.S.C. §1404(a) (ECF 42);

     3.     Blue Fish Development Group, Ltd.'s Motion to Sever and Stay Under the Customer-suit Exception and to Transfer to the Austin Division (ECF 36);

     4.     Alfresco Software, Ltd., Alfresco Software, Inc, and Alfresco Software Americas, Inc.'s Motion to Dismiss (ECF 43);

     5.     Blue Fish Development Group, Ltd.'s Joinder in the Alfresco Defendants' Motion to Dismiss (ECF 38).

<u>**RELATED CASES IN THIS JUDICIAL DISTRICT**</u>

On October 5, 7, and 9, 2020, respectively, Open Text filed the following cases against Defendants Alfresco Software, Ltd., Alfresco Software, Inc., Alfresco Software America, Inc., and Blue Fish Development Group, Ltd.:

- *Open Text Corporation v. Alfresco Software, Ltd., Alfresco Software, Inc, Alfresco Software Americas, Inc., and Blue Fish Development Group, Ltd., Civil Action No. 6:20-cv-920-ADA*

- *Open Text Corporation and Open Text S.A. ULC v. Alfresco Software, Ltd., Alfresco Software, Inc, Alfresco Software Americas, Inc., and Blue Fish Development Group, Ltd.*, Civil Action No. 6:20-cv-928-ADA.

- *Open Text Corporation and Carbonite, Inc. v. Alfresco Software, Ltd., Alfresco Software, Inc, Alfresco Software Americas, Inc., and Blue Fish Development Group, Ltd.*, Cause No. 6:20-cv-00941-ADA.

The parties dispute whether these cases are "related."

    **Open Text Position:**  This Court's Standing Order regarding Notice of Readiness Scheduling Conference in Patent Cases dated November 5, 2020, requires the parties to "[Identify all related cases in this Judicial District, including any other cases where a common patent is asserted]." The three cases listed above do not involve common asserted patents or patent families and, although these cases involve aspects of

enterprise content management software platforms, they involve different and unrelated accused functionalities of the enterprise content management platforms. As such, these cases are not related as defined by this Court's Order. *See also* E.D. Tex. L.P.R. 2-6; N.D. Tex. L.C.R. 3.3.

**Alfresco Position:** The cases are related because: (1) they involve common plaintiffs; (2) they involve common defendants; (3) the Accused Product is identical across the cases and the same functionality, file synchronization, is accused in the 920 and 941 cases; (4) the Asserted Patents across the cases all relate to file management aspects of EMC software; and (5) legal issues are common across the cases, as discussed more fully below.

Open Text's position is not credible. In fact, Open Text prepared the first draft of this CRSR, which *identified* the above-listed cases as related. Alfresco agreed with that statement, as it was uncontroversial and true. Several revisions later, however, Open Text has reversed course, deciding it is advantageous to advocate for the opposite position. This reversal was motivated not by a change in fact or law, but by its efforts to argue against pre-trial consolidation. Indeed, Open Text reversed itself only after Alfresco indicated it would request pre-trial consolidation.

## IPR, CBM, AND OTHER PGR FILINGS

There are no known IPR, CBM, or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Plaintiff has asserted four patents and a total of 91 claims.

## APPOINTMENT OF TECHNICAL ADVISER

At this time, the parties do not request a technical adviser to be appointed to the case.

## MEET AND CONFER STATUS

Plaintiffs and Defendants met and conferred. The parties identified the following pre-Markman issues to raise at the CMC:

**Agreed Issues:**

1. Entry of a protective order governing the use and disclosure of confidential information.

2. The parties agree that venue discovery does not count against the post-*Markman* fact discovery limits.

3. With respect to venue discovery, the parties agree to serve objections and responses to RFPs within 14 days of service and to serve objections and responses to interrogatories within the standard 30-day deadline.

4. The parties agree the cases should be coordinated for scheduling, to the extent useful to streamline the cases.

**Disputed Issues:**

1. Whether the Court's Order Governing Proceedings – Patent Case, Version 3.2 ("OGP") should govern or whether the claims asserted in the 920, 928, and/or 941 cases should be narrowed prior to the *Markman* hearing:

> **Open Text Position:**  The Court's OGP should govern.  The OGP sets presumptive limits for claim terms for construction and provides deadlines for the parties to narrow the number of claims asserted and prior art references. Based on the OGP, case narrowing is not a pre-*Markman* issue and, thus, is not appropriate at this time.  Open Text requests that these issues be addressed in the manner, and at the times, set out in the OGP and Default Schedule.
>
> In addition, requiring Open Text to narrow its claims to "no more than five Asserted Claims per patent and no more than 16 total claims," before claim construction and before discovery into infringement, invalidity, or damages, would be extreme and contrary to this Court's OGP.  Moreover, the limitations proposed by Alfresco are not even consistent with the Model Order of the Eastern District of Texas cited by Alfresco in its statement. In fact, E.D. Texas does

4

not require narrowing until the close of *Markman* discovery and, even after narrowing, allows "ten claims from each patent and not more than a total of 32 claims." *See* [ED Tex. Model] Order Focusing Patent Claims and Prior Art to Reduce Costs.[1]

Finally, these three cases should not be treated as a single case with the asserted claims lumped together and narrowed, pre-Markman, as urged by Alfresco:

- The 920 case involves four patents from three different patent families with 67 asserted claims (average of 16 claims per patent). This is extremely reasonable given the pre-Markman and pre-discovery stage of the case and does not require or warrant any narrowing beyond that contemplated by the OGP.

- The 941 case involves one patent, which is unrelated to the patents in the 920 and 928 cases, with 10 asserted claims. Again, this number of asserted claims is extremely reasonable given the pre-Markman and pre-discovery stage of the case and does not require or warrant any narrowing beyond that contemplated by the OGP.

- The 928 case involves four asserted patents in one patent family with 91 asserted claims. Given the facts and circumstances as set out in the Amended Complaint in the 928 case, the number of asserted claims at the outset of that case is entirely reasonable. Namely, as set forth in the Amended Complaint in the 928 case, since 2013 Alfresco in fact had knowledge of the patents asserted in the 928 case — specifically, Alfresco was a defendant in a suit brought by Open Text where Open Text asserted three of the four patents in the 928 patent case against Box, Inc. in co-pending litigation, resulting in a jury verdict of infringement on those

---

[1]  http://www.txed.uscourts.gov/sites/default/files/forms/ModelPatentOrder.pdf.

patents against Box, Inc. Despite the jury verdict against Box, Inc. and Alfresco's awareness of it, Alfresco nevertheless developed a product that infringes every asserted claim of the patents in the 928 case. The pervasive nature and extent of Alfresco's knowing development of an infringing product is an important factor in determining Alfresco's willful infringement, through wanton and deliberate copying of OpenText's patents. Open Text should be permitted to develop the necessary proofs, pre-Markman and without narrowing, to establish Alfresco's deliberate copying and willful infringement.

Alfresco's premature and prejudicial narrowing demand is further punctuated by the differences between the 920, 928, and 941 cases, as set out in more detail in item 6 below.

**Alfresco Position:** Alfresco requests that, to promote the "just, speedy, and inexpensive determination" of these actions, Fed. R. Civ. P. 1, Plaintiffs narrow the amount of Asserted Claims to a reasonable number. Plaintiffs currently assert 168 claims across the three related cases: 67 claims in the 920 case; 91 claims in the 928 case; and 10 claims in the 941 case. It is not possible for Plaintiffs to bring 168 claims at trial, and including that volume of claims for pre-trial proceedings only complicates the *Markman* process and drives up costs. Given the atypical breadth of the *OpenText* litigations—which, in view of Plaintiffs' current infringement allegations, would require many months of trial time to resolve completely—Alfresco believes these cases, more than most, would benefit from early streamlining.

To that end, Alfresco proposes that the parties adopt the Model Order for the Eastern District of Texas. (http://www.txed.uscourts.gov/sites/default/files/forms/ModelPatent Order.pdf.) Tracking that order, Alfresco proposes that, for each case, Plaintiffs be required to elect no more than five Asserted Claims per

patent and no more than 16 total claims. Judge Gilstrap routinely enters the Model Order.[2]

As for timing, given the earlier *Markman* process of the Western District of Texas, case narrowing should begin sooner here.  Further, it is neither credible nor realistic for the parties to ignore the enormous breadth of the case until after *Markman*, as Open Text suggests.  The harm from Open Text's unfocused accusations is being felt now and will only compound as the case progresses.  It is neither efficient nor economical to wait until after the *Markman* phase to address this emergent problem.

Further, the Model Order Judge Gilstrap uses is neither unique nor controversial (*see* https://patentlyo.com/media/docs/2013/07/model-order-excess-claims.pdf).  The Committee that created the Model Order includes current and retired judges, such as Judge Randall Rader, Judge Leonard Davis, Judge Lucy Koh, and Judge Katherine Forrest; and patent practitioners, such as Mike McCool and Morgan Chu. (*Id.* at 4.)  As the committee writes:

> Lack of discipline by the asserting party in preparing its case is often why excess issues are maintained. The inclusion of superfluous claims and prior art can function to "hide the ball." The result is an asymmetric burden on the responding party (and the trial court) because the asserting party often has a better sense of which issues it will ultimately pursue.

(*Id.* at 1.)  That is exactly what is happening here.

Open Text lacked discipline in preparing its cases—in the process asserting *168 claims*—which "hides the ball" as to the claims it actually intends to pursue and creates asymmetric burdens on

---

[2] *See TriOptima AB v. Quantile Techs. Ltd.*, 2:19-cv-00390-JRG, Order Focusing Patent Claims, ECF 89 (E.D. Tex. Sept. 4, 2020).

Defendants and this Court. "Focusing patent cases to the issues at the core of the dispute will reduce the burden on courts and lower the expense for the parties. In addition, a greater focus on the true issues will improve the quality of the adjudicatory process for all." (*Id.* at 2.)

For these reasons, Alfresco disputes Open Text's asserting that its unfocused infringement allegations are "extremely reasonable." Alfresco also disputes Open Text's allegations about the 928 case and its inappropriate attempts to argue its willfulness case in this CRSR. That case, in fact, demonstrates the unreasonableness of Open Text's position here. While Open Text asserts *91 claims* in that case alone, it only brought *four claims* to trial in the *Box* litigation.[3] Thus, as Open Text's past practice shows, it is not possible for Open Text to bring 91 claims to trial, let alone 168 claims.

2.   Whether the 920, 928, and/or 941 cases should be consolidated for pre-trial purposes:

> **<u>Open Text Position</u>:  *Coordinating*** the schedules of the 920, 928, and 941 cases could be useful to streamline the litigation and reduce costs.  ***Consolidation*** of the cases, however, is not appropriate or necessary for several reasons, including at least:
>
> 1.   The 920, 928, and 941 cases involve five distinct patent families (three patent families in the 920 case and a different family in each of the 928 and 941 cases) with five distinct inventor groups, which are asserted against different accused functionality. Determination of the validity, infringement, damages,

---

[3] "At trial, Open Text asserted four claims, all from the File Synchronization patents: claims 10 and 27 of the '515 patent, claim 4 of the '665 patent, and claim 11 of the '152 patent." Order re Post-Trial Motions, *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD (N.D. Cal. Aug. 15, 2015) (available at https://casetext.com/case/open-text-sa-v-box-inc-1).

willfulness, and forum convenience factors are therefore different across all three cases and do not involve common issues of fact.

2. The accused products, and more critically, the infringing functionality of the accused products, is distinct across the 920, 928, and 941 cases. Thus, while there may be some overlap in discovery, it will not be duplicative. Invoking the discovery limits of a single case across three distinct cases would be highly prejudicial to Open Text's ability to develop the facts of each of the three distinct cases.

3. The 920, 928, and 941 cases are all pending in the same District and before the same Court. There is no risk of wasting the Court's resources through duplicative litigation, particularly when the parties appear willing to coordinate with one another to minimize repetition.

4. Defendants have filed various motions to dismiss or to change venue with unique arguments and bases for each Defendant. Further, each of the 920, 928, and 941 cases has unique convenience factors given the difference in accused products, patent families, and inventor locations. As a result, to the extent any case coordination occurs, it should be decided *after* the Court evaluates Defendants' motions and confirms all three cases will remain in this District against all identified Defendants.

As a basis for consolidation, Alfresco points to the Notice of Related Cases Open Text was required to file pursuant to Local Rule 83-1.3.1 in two cases pending against Hyland Software Inc. in the Central District of California (the "CDCal cases"). Open Text disagrees that *relation* of the CDCal cases there warrants *consolidation* of the 920, 928, and 941 cases here for pre-trail purposes. Indeed, even though designated as "related," the CDCal cases have not been consolidated.

Rather, the CDCal cases, due to their "relation," are simply assigned to the same Judge.  The 920, 928, and 941 cases here are already assigned to the same Judge, so "relating" them at this point in the proceeding (whether correct or not) is nothing more than an exercise of form over substance.

Due to the differences between the 920, 928, and 941 cases, including different infringement, invalidity, damages, and forum convenience factors among them, pre-trial consolidation is not warranted.  Instead, coordination of the schedules of the 920, 928 and 941 cases may be appropriate to the extent it streamlines the cases and reduces costs.

**Alfresco Position:**  Alfresco requests that the 920, 928, and 941 cases be consolidated for pre-trial purposes, and Alfresco contends that consolidation would reduce costs and streamline litigation.  Alfresco proposes that the 920 case be designated the "lead" case and the 928 and 941 cases be designated "member" cases, with all further filings in the "lead" 920 case.  Requiring duplicative filings across three related cases needlessly increases costs.

While Open Text invokes discovery limitations as a reason for avoiding consolidation, any need for increased discovery limitations can be addressed by the parties.  Indeed, Open Text concedes that commonalities between the cases exist.  And further discovery can be provided, as needed, to address other issues.  There is no reason to use easily-overcome discovery limitations as a basis for denying the reality that the three cases here truly comprise a single litigation.

The positions taken by OpenText in its recent filings in the Central District of California are shed light on pre-trial consolidation. In that district, Plaintiffs are asserting all the patents in the 928 case and a subset of the patents in the 920 case against Alfresco's corporate parent—Hyland Software.  Like here, Plaintiffs asserted these patents

in serial case filings.  But unlike here, Plaintiffs sought to relate the cases by filing a notice under Local Rule 83 explaining how the cases overlap:

- the "related cases would have been filed as a single case, but ownership of [certain] patents" by a "wholly-owned subsidiary . . . required a separate suit for patent procedural reasons";
- both cases involve a "common" plaintiff asserting "allegations of patent infringement against the same Defendant";
- discovery "is likely to substantially overlap in both cases, including on issues of competition, operation of the accused products, and damages"; and
- both cases involve "similar legal and/or fact issues" because they relate to "various aspects of enterprise content management software."

Dkt. 14, *Open Text Corp. v. Hyland Software Inc.*, 8:20-cv-02116-DOC-ADS (C.D. Cal. Nov. 4, 2020).

For similar reasons, pre-trial consolidation is necessary and appropriate here.  OpenText's filing in C.D. Cal. suggests that, as in California, Plaintiffs' would have filed the W.D. Tex. cases together but for patent ownership issues.  The W.D. Tex. cases involve common plaintiffs and identical defendants.  The Accused Product in all three W.D. Tex. cases is identical, and Defendants' technical and damages discovery is likely to substantially overlap between the cases.  In particular, Alfresco's ACS product is listed as the Accused Product in all three Complaints, and while different inventor groups may be involved in the 920 and 941 cases, the infringement allegations in both of those cases are directed to so-called "sync" functionality.  For that reason, the legal issues between the cases are likely to substantially overlap—including the issues of claim construction, infringement, invalidity, and patent eligibility.

Likewise, the cases are likely to be aligned with respect to retained technical and damages experts, *Daubert* issues, and *in limine* issues.

DATED:  January 19, 2021

By:/s/*Christopher C. Campbell*

Christopher C. Campbell
Virginia Bar No. 36244
Yushan Luo (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Telephone: (202) 626-5578
Facsimile: (202) 626-3737
ccampbell@kslaw.com
yluo@kslaw.com

Britton F. Davis (*pro hac vice*)
Angela Tarasi (*pro hac vice*)
Mikaela Stone (*pro hac vice*)
KING & SPALDING LLP
16 Market Square, Suite 400
Denver, CO 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400
bfdavis@kslaw.com
atarasi@kslaw.com
mikaela.stone@kslaw.com

Steven Sprinkle
TEXAS BAR NO. 00794962
SPRINKLE IP LAW GROUP, P.C.
1301 W. 25TH STREET, SUITE 408
AUSTIN, TEXAS 78705
TEL: 512-637-9220
SSPRINKLE@SPRINKLELAW.COM

*Attorneys for Plaintiffs*
*Open Text Corporation*
*and Open Text S.A. ULC*

By:/s/ *Claire Abernathy Henry*
Jonathan M. Watkins
New York Bar No. 4423919
jonathan.watkins@cwt.com
Christopher A. Hughes
New York Bar No. 1394592
christopher.hughes@cwt.com
Danielle V. Tully
New York Bar No. 4302758
danielle.tully@cwt.com
Michael B. Powell
New York Bar No. 5130059
michael.powell@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

Christina J. Moser
Ohio Bar No. 74817
cmoser@bakerlaw.com
Brendan E. Clark
Ohio Bar No. 85634
bclark@bakerlaw.com
BAKER HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
Fax: (216) 696-0740

*Of Counsel:*

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
Andrea L. Fair
State Bar No. 24078488
andrea@wsfirm.com

By:/s/*Jeffrey W. Wheelock*
Jeffrey W. Wheelock
Texas Bar No. 21265350
DICKINSON & WHEELOCK, P.C.
7660 Woodway Drive, Suite 460
Houston, Texas 77063
Tel: (713) 722-8118
Fax: (713) 722-7003

*Attorneys for Defendant Blue Fish Development Group, LTD*

Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: (903) 757-6400
Fax: (903) 757-2323

*Attorneys for Defendants Alfresco Software, Ltd., Alfresco Software, Inc., and Alfresco Software Americas, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been served on January 19, 2021 to all counsel of record who are

deemed to have consented to electronic service via the Court's CM/ECF system.


/s/ *Christopher C. Campbell*
Attorney for Plaintiffs